IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHRISTOPHER YOUNG,

 Plaintiff,

v.             Case No.: GJH-16-137

TIFFANY MINOR,

 Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 13, 2016, Christopher Young, a resident of Clinton, Maryland, filed this self-represented Complaint against Tiffany Minor, another resident of Clinton, Maryland. He sets out the following facts in support of his cause of action:

> The officers said it was a warning. She could've warned me, got a peace order, restraining order or banned me from the hospital. When I tried to get a security guard to serve her, he refused and then, the next day she lied and tried to get a peace order on me. When I [unintelligible] she wasn't there. I'm already right about the whole thing.

ECF No. 1 at 2.

Young seeks damages of $5,000.00 against Minor, alleging wrongful imprisonment, stalking, and harassment. *Id.* at 1, 3. Young has filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 2. Because he appears indigent, leave to proceed without prepayment of the filing fee shall be granted. Young's Complaint shall, however, be dismissed without prejudice for lack of subject matter jurisdiction.

I.  **DISCUSSION**

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently, a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331 (2012). Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests

2

upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (citations omitted) (internal quotation marks omitted).

The Court has carefully reviewed Young's Complaint and finds that a federal claim is not readily apparent. At best, Young's cause of action alleges than tortious conduct on the part of Defendant. Thus, he has failed to set out a colorable claim under 28 U.S.C. § 1331.

Since the Court has determined that federal question jurisdiction is lacking, the only possible basis for jurisdiction over Young's tort claim is diversity of citizenship. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)).

Both Young and Minor reside in Maryland. Therefore, the Complaint does not satisfy diversity of citizenship requirements and shall be dismissed for lack of subject matter jurisdiction.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED**. A separate Order shall be entered in accordance with this Memorandum Opinion.

Dated: January 28, 2016

GEORGE J. HAZEL
United States District Judge